FRANK GAMBLIN *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW.  *Evidence.   Conservator of the peace.   Transcript of testimony.   Code 1892, § 1463.*

It is error on the trial of an indictment to permit the introduction by the state of several pages of the testimony before a conservator of the peace, taken and reduced to writing on a preliminary trial of the accused, when uncertified and no account is given of the missing pages.

FROM the circuit court of Neshoba county.

HON. GUION Q. HALL, Judge.

Gamblin, appellant, was indicted and tried for murder, was convicted of manslaughter, and appealed to the supreme court.

The facts upon which the case turned in the supreme court are sufficiently stated in the opinion of the court.

*Jones & Hughston,* for appellant.

This writing should not have been admitted in evidence.

In the first place, it was not proven to be the substance of the evidence of said witness as taken down by the court or under his direction.   The justice of the peace, who held the preliminary examination, testified that he did not take down the testimony in said examination, but that others did under his direction, but that he was not willing to state on his oath that this was the evidence taken, but that he thought it was; that the witness signed the written statement then and there, and then made and took the same to the grand jury at its next meeting.   This paper did not contain the witness' signature, nor the magistrate's certificate, and without positive proof that this was the identical paper and writing made in said examination, the same should have been excluded from the jury, and the court erred in admitting it without such positive proof.

In the next place, the proof shows conclusively that said writing does not contain the substance of the entire testimony of said witness. The justice of the peace stated that he thought that there were two pages of the cross-examination missing.

The defendant was entitled to the substance of the entire evidence of said witness, or the whole should have been excluded. 1 Greenleaf on Evidence, sec. 165.

*Monroe McClurg,* attorney general, for appellee.

Argued orally by *E. V. Hughston,* for appellant, and by *Monroe McClurg,* attorney general, for appellee.

TERRAL, J., delivered the opinion of the court.

Upon the trial of Gamblin in the circuit court of Neshoba county, what purported to be evidence of Roland Edwards was offered by the state to be laid before the jury. This purported evidence consisted of twelve pages of written matter, uncertified to by an officer. Before reading it to the jury, reason, not to say law, seems to have called for some explanation. Therefore, the committing magistrate, J. C. Harrison, being sworn, stated that he had caused the testimony of Roland Edwards to be taken down in writing, but failed to state that he duly certified to it. He was asked whether he could give the substance of the testimony of Roland Edwards, to which he replied that he could not; that the witness was on the stand for one and a half days; and that what he thought was material was taken down in writing, upon fourteen pages of writing, of which twelve of the pages, he thought, were before them, but two of them were missing; that he could not say what was in the missing pages. The twelve pages were read to the jury as the evidence of Roland Edwards.

We think it was inadmissible. There is no pretense that the examining magistrate, Harrison, certified to it, and that destroyed the validity of the instrument as a means of evidence.

Harrison denied that he could give the substance of the evidence of Roland Edwards, and no other person pretended any ability of that sort.    The twelve pages of evidence purporting to be the evidence of Roland Edwards were not admissible in evidence.

Other errors are alleged, but the evidence does not support the contention in respect to them.

*Reversed and remanded.*